JOHN TILDEN & another *vs.* JONATHAN JOHNSON.

An attorney, having directed the clerk to enter his appearance for one only of three defendants, the two others being out of the commonwealth, and the clerk, by mistake, having entered it generally for the three, a judgment was subsequently rendered by default against the two; it was held, that the court, on petition, at a succeeding term, might authorize the clerk's docket to be amended, by restricting the entry thereon of the appearance of the attorney to the party for whom he in fact appeared.

The return of an officer on a writ, that the defendant therein has no last and usual place of abode within his precinct, is to be understood only as a return, that no such last and usual place of abode is known to the officer; and the defendant may show, notwithstanding, by evidence, that he has such last and usual place of abode, in order to abate the writ, or to reverse a judgment thereon by writ of error.

If the service of a writ on an absent defendant, who has a last and usual place of abode within the commonwealth, is not made by leaving a summons or copy, as required by the Rev. Sts. c. 90, § 45, at such place of abode, the defendant may take advantage of the defect of service, either by a plea in abatement, or by writ of error.

One who owned real estate, on which he lived, and where he carried on business in this state, until the year 1841, when he removed to another state, where he continued to reside, was held, in 1843, to have a last and usual place of abode in this state.

THIS was a writ of error to reverse a judgment of the court of common pleas, rendered at the September term, 1846, for the county of Bristol, in an action of assumpsit, in which the defendant in error was plaintiff, and the plaintiffs in error, John Tilden and Howard Tilden, defendants.

The error assigned was, that Howard Tilden, at the time of the suing out and service of the original writ, had and still had a last and usual place of abode in this state; that no suffi-

cient service of the writ was ever made upon him ; and that he never appeared in the action.

The case was submitted to the court upon the following agreed statement of facts : —

The plaintiff in error, Howard Tilden, was born in North Bridgewater, in the county of Plymouth, and by devise from his father, who died in 1839, was seized in fee-simple of a lot of land with a house thereon and other buildings, where he resided with his family, and did business, and was well known to the plaintiff and his attorney, and to the officer by whom the writ was served, until the year 1841, when he removed to the city of Philadelphia, where he had ever since resided. At the time of the service of the writ, on which the judgment sought to be recovered was founded, Howard Tilden was the owner of an equity of redemption of certain real estate in the county of Plymouth, mortgaged by him to Martin L. Reynolds.

The writ was issued on the 23d of October, 1843, against the plaintiffs in error, and a third defendant, Martin Hayward. The three defendants were thus described : " John Tilden and Martin Hayward, of North Bridgewater, in the county of Plymouth, and Howard Tilden, of Philadelphia, in the county of Philadelphia, and state of Pennsylvania, partners in trade, doing business under the firm of John Tilden and company."

The officer's return on the writ was as follows : —

"Plymouth, ss. October 24, 1843, at 12 M. this day — By virtue hereof, I attached all the real estate of the within-named John Tilden, Martin Hayward, and Howard Tilden, and each of them, situate in the town of North Bridgewater, in the county of Plymouth, and all the other real estate which they or either of them own, or have right, title, or interest to, either in law or equity, situate in the county aforesaid ; " and " Plymouth, ss. November 25, 1843, Then by virtue hereof I gave the within named John Tilden a summons in hand for his appearance at court, and on the same day I left a summons at the last and usual place of abode of the within named Martin Hayward, for his appearance at court as within directed. And the within named Howard Tilden not having any residence, last and usual place of abode, or agent or attorney within my precinct, I have been unable to summon him."

The writ was entered in the court of common pleas, at the December term, 1843, for the county of Bristol, and was con-

tinued to the September term, 1845, when an order was passed in the usual form, to notify defendants out of the commonwealth, which was duly published, in order to notify Howard Tilden, thus described as resident in Philadelphia. At the December term, 1845, Martin Hayward appeared, and set up in defence a discharge under the insolvent law; whereupon, at the next June term, the plaintiff, Johnson, discontinued as to him. The other defendants, John and Howard Tilden, were defaulted at the September term, 1846, and judgment was rendered against them, as the indorsers of two promissory notes, for $709.86, debt, and $70.66, costs of suit, but no execution ever issued thereon.

It was further agreed, that at the March term, 1850, of the court of common pleas, for the county of Bristol, the plaintiffs in error presented their petition to the court, setting forth the bringing of the action aforesaid, the entry and continuance thereof, and judgment therein as above stated; also, that no appearance was ever entered for either of the defendants in the same, until December term, 1845; that the plaintiffs in error never employed any attorney to appear in the suit; that after September term, 1845, Hayward, the other defendant, employed Ellis Ames, esquire, a counsellor of this court, to defend him (Hayward) only; that at the December term following, Ames appeared for Hayward, and for him only, and not for the plaintiffs in error; but that the clerk, by mistake, entered his name generally for all the defendants; that at the March term, 1846, Ames caused his appearance to be qualified on the docket, by entering the same thus: " Ames, for Martin Hayward, Jr.," in which form the entry stood, as long as Ames appeared for Hayward, and until judgment was rendered in his favor; that Ames caused, at the December term, 1845, the clerk to be directed to enter his (Ames's) appearance for Martin Hayward, Jr., but that the clerk, by mistake, and in the hurry of business, omitted to enter the appearance in that form, and entered it as above stated; wherefore, the petitioners prayed, that the clerk might be directed to amend his docket for December term, 1846, by inserting therein, after the entry of Ames's name, the words " for Martin Hayward, Jr.," so that the

docket or record might show, that at December term, 1845, Ames appeared for Hayward only, and not for the petitioners.

Upon this petition, an order of notice was passed and served, and the matter continued to the September term, 1850, when a hearing took place thereon, at which it appeared, that Howard Tilden and Martin Hayward were out of the commonwealth from the date of the writ to the time of the hearing; that the order of notice to them was not published until October, 1845; that Mr. Ames did not attend the December term, 1845, but sent a letter to Mr. Coffin, a counsellor of this court, requesting him to enter Ames's appearance for Martin Hayward, Jr.; that on the 9th of December, 1845, the day on which the action was called, Mr. Coffin wrote to Mr. Ames, (the letter being produced,) informing him that he had caused his (Ames's) name to be entered for Martin Hayward, in the action of Johnson against Tilden and others, and the case to be continued; that after the judgment in favor of the defendant Hayward, at the June term, 1846, no counsel appeared for any one of the defendants; and that the plaintiff proved his notice by the newspaper publication, had such proof noted on the docket, and relied upon the same in taking his judgment.

The court of common pleas granted the prayer of the petition, and passed an order, reciting that the facts alleged therein had been fully proved by memoranda in writing made at the time of the alleged omission, and directing that the record be amended as prayed for, with a reference on the docket of December term, 1845, to the record of the proceedings on the petition.

It was agreed, that the facts in evidence at the hearing on the petition were true.

If in the opinion of the court the judgment was erroneous, the defendant in error was to be defaulted, and the judgment reversed; otherwise such judgment was to be rendered as the court might think proper.

*E. Ames*, for the plaintiffs in error.

*T. G. Coffin*, for the defendant in error.

DEWEY, J. The general entry of an attorney for all the defendants in the original action was sufficient, if it had been

properly made, and the record had remained unamended, to have avoided all objection to the want of service on Howard Tilden.   But this appearance was entered by mistake, and the court of common pleas allowed an amendment thereof, according to the truth, which confined the appearance of the attorney to Martin Hayward, Junior, alone.   We have no doubt of the power of that court to make the amendment in the manner in which it was allowed.   *Stickney* v. *Davis*, 17 Pick. 169.

This presents the case in reference to Howard Tilden as though no appearance had been entered in his behalf, and opens the inquiry whether a legal service was made upon him. The service is said to be defective in not conforming to the provisions of the Rev. Sts. *c.* 90, §§ 45 and 46.   By the former of these sections, it is provided, that " If the defendant is out of the state at the time of the service of the summons, the service thereof shall be made by leaving it, if it is a separate summons, at his last and usual place of abode, if there be any within the state."   By § 46, " If the absent defendant, whose goods or estate are attached, is sued with one or more others on a joint contract, and if he has no such tenant, agent, or attorney, within the state, the copy of the summons for him shall be left with one of the co-defendants, if there be any within the state."

But the return of the officer, who served the writ, is supposed by the defendant in error to be conclusive on this point, it being stated in such return by the officer as follows: " The within-named Howard Tilden not having any residence, last and usual place of abode, or agent, or attorney within my precinct, I have been unable to summon him."   What is the legal effect of this return?   As between parties and privies, the return of an officer is to be taken to be true, and is only to be controverted in an action against the officer for a false return.   This is so as to all matters which are properly the subject of a return by the officer.

We are then brought to the inquiry, how far this fact of the party's having his last and usual place of abode in the state is one to be passed upon by the officer, and made the subject of

his return. In our view, this return can only properly be understood as a return, that no such last and usual abode of the party, within the state, was known to the officer. To this extent he may properly certify the fact in his return. Beyond this, we think his return is not conclusive; and it is open to the party to show, under proper pleading and proofs, that he was such resident, having a last and usual place of abode here, and thus abate the writ for want of proper service.

This defect may be taken advantage of, either by plea in abatement, or by a writ of error, assigning for the error the fact that the party had a last and usual place of abode within the state, at the time of the service, and that no summons or copy was left as required by Rev. Sts. *c.* 90, § 45.

The case is therefore properly before us, and the next inquiry is as to the fact, in reference to the last and usual place of abode of Howard Tilden. He was born in this commonwealth, owned real estate here, and continued to live here until 1841, when he removed to Philadelphia. This brings the case within the provisions of the statute, giving to the words, "the last and usual place of abode, if any within the state," the meaning that has been commonly attached to them, as used in this and former statutes directing the mode of serving writs. This objection to the service may be assigned as a cause of error, and for this the judgment may be reversed.

If this is not a sufficient ground for a reversal, there is also the other objection arising upon § 46, requiring a copy of the summons to be left with the co-defendant for Howard Tilden, the absent defendant; and the omission of which would seem to be a good cause for sustaining this writ of error.

We perceive no objection to the form in which this error is assigned.

The result is, that judgment is to be entered for the plaintiffs in error, and the former judgment reversed.