ISAAC F. SMYTH *vs.* WILLIAM RIPLEY.

A writ of scire facias is not a "writ or other original process by which a suit is commenced," within the meaning of the act of Congress which requires that a revenue stamp shall be affixed to such writs and other process.

SCIRE FACIAS upon foreign attachment. Plea in abatement that there was no revenue stamp affixed to the writ. The superior court (*Carpenter, J.,*) rendered judgment for the defendant, and the plaintiff brought the record before this court by motion in error.

*Hamersley*, with whom was *C. E. Fellowes*, for the plaintiff.

*Goodman*, for the defendant.

DUTTON, J. The law of Congress requires a stamp on a "writ or other original process by which any suit is commenced in any court of record." In the present case a scire facias was brought on a foreign attachment, in which a debt

due to the original debtor from the present defendant was attached. The superior court struck the case from the docket because the writ was not stamped. The case comes before us on a motion in error from this decision. The only question is whether such a writ requires a stamp.

A writ of scire facias has many of the qualities of an original writ. It is directed to an officer, to be served and returned. The case is entered on the docket of the court, and proceeded with like any other case. Still we are of the opinion that it is more like a writ of execution, a bill of revivor, and other similar proceedings, the object of which is to carry into effect some judgment previously rendered. Such a scire facias as this, is always founded on a previous attachment upon an original process, and a judgment in that proceeding. The defendant is summoned before the court to show cause why he should not pay the debt for which the judgment has been rendered against the original debtor, as himself the debtor of the original defendant or having his goods in his hands. Justices of the peace are authorized by statute to issue and sign any writs which may be returned before any court in the state. Rev. Stat., tit. 5, § 69. Yet they can not sign a scire facias. That must be signed by the clerk of the court which rendered the judgment. All suits before the superior court, with certain exceptions, not embracing writs of scire facias, must be returned to the court of the county in which one or more of the parties reside. Rev. Stat., tit. 1, § 64. But a writ of scire facias must be made returnable to the same court in which the judgment was rendered, without regard to the residence of the parties. In other respects the writ of scire facias bears a strong resemblance to those secondary proceedings which are instituted after a case is commenced. Without reference to the numerous authorities which have been cited by the counsel of the plaintiff, which uniformly treat of this writ in various relations as of a secondary character, we should come to the conclusion that it is not an original writ or process within the meaning of the law of Congress.

This court has regarded the writ as only of a secondary character. In *Ensworth* v. *Davenport*, 9 Conn., 390, it was

held not to be a writ of such ordinary character that an attachment could be made by it. In *Sherwood* v. *Stevenson*, 25 Conn., 438, Storrs, Ch. J., says, that although sometimes considered as an original action, " it is really only a proceeding auxiliary to, and instituted by statute for the enforcement and collection of, the judgment rendered in the original action on which it is founded." See also *Day* v. *Welles*, 31 Conn., 344.

The judgment of the superior court must be reversed and the case remanded.

In this opinion the other judges concurred.