for the breach by defendant Johnston. All we now decide, however, is that, upon the facts as found by the referee, the complaint was properly dismissed. For these reasons, and for the reasons set forth in the opinion of the learned referee, which appears in full in the papers before us, the judgment must be affirmed, with costs.

---

### DILLINGHAM v. BARRON.

(Superior Court of New York City, General Term. December 29, 1893.)

APPEARANCE—WITHDRAWAL—MISTAKE OF ATTORNEY.

Where an attorney, under mistake as to the authority conferred on him, instead of making a special appearance for a nonresident defendant, for the purpose of raising a question of jurisdiction, appears generally, leave will be granted to withdraw such appearance.

Appeal from special term.

Action by Thomas M. Dillingham against Clarence W. Barron. From an order permitting defendant's attorneys to withdraw their appearance, plaintiff appeals. Affirmed.

The moving affidavit is as follows:

Edward S. Hatch, being duly sworn, says: I am an attorney at law, and a member of the firm of Hatch & Wickes. On August 28, 1893, I caused to be served on F. J. Worcester, Esq., the attorney for the plaintiff herein, a general notice of appearance on behalf of the defendant; demanding that a copy of the complaint, and all other papers, be served upon me. A copy of the complaint was served September 16, 1893, and sets forth a cause of action for services rendered as a physician between October, 1885, and July 31, 1886. This notice of appearance was served by me under the impression that the summons had been personally served upon the defendant. On the 26th of August, 1893, I received a letter from Mr. Charles B. Southard, a counselor at law at Boston, inclosing the summons in this case, and, after giving some particulars in regard to the case, saying: "To my surprise, the doctor, [referring to the plaintiff,] without saying anything to the attorney here, has gone to a lawyer in New York, and he has made a summons, without any correspondence whatever with the attorney or myself. I inclose the summons, and, as Barron lives in Boston, I suppose a special appearance had better be filed, or whatever steps you deem necessary to put a stopper on the suit." The inclosed summons had no memorandum on it, as to when or how it had been served; and I assumed, from said statements of Mr. Southard, that the defendant had been personally served while temporarily in New York. On September 26, 1893, in answer to a further letter to Mr. Southard in relation to this suit, I received from Mr. Southard a letter, in which he says: "I thought I had stated that Mr. Barron lives in Boston, and was not in New York when the suit was brought; but, if I didn't, I will say so now,—that the summons was not served on him." Deponent further states that he has had no other authority to appear, other than is contained in said letter of August 25, 1893, and that, if his attention had been called to the fact that the defendant was not personally served within the state, he would not have entered a general appearance, as he did; that it will be a hardship to the defendant to be compelled to defend this action in this state, inasmuch as he does not reside here, and will be at a great disadvantage in presenting testimony to dispute said claim. The plaintiff is a former resident of Boston, and, as deponent is informed by said Southard, had already presented his bill to the defendant there, and put it in the hands of a reputable attorney of that city, who was already in communication with Mr. Southard, as deponent is advised by said Southard, and verily believes. Deponent verily believes, from the statement of the case made to him by said Southard, that the defendant has a good and substantial

defense, upon the merits, to the cause of action, or to some part thereof. Deponent therefore asks that he be granted leave to withdraw the appearance of his said firm, which was in fact unauthorized. An order to show cause is desired, for the reason that the time to answer expires in less than eight days. No other application for this order has been made.

### The opinion of GILDERSLEEVE, J., is as follows:

The notice of appearance herein by Messrs. Hatch & Wickes seems to have been served under a misapprehension of the scope of the authority intended to be conveyed by the letter from defendant's lawyer in Boston. The defendant is not a resident of this state. There is no evidence before me that will warrant the conclusion that the summons was served upon the defendant while within the jurisdiction of this court. The language of the instructions to Messrs. Hatch & Wickes cannot be held to be authority to them to appear in behalf of defendant, and interpose a defense to the action upon the merits. The special appearance authorized was evidently given with the intention of raising the question of jurisdiction. The defendant's attorneys herein must be allowed to withdraw the notice of appearance, upon the payment of $10, costs of motion, to plaintiff's attorney.

Argued before FREEDMAN and McADAM, JJ.

F. J. Worcester, for appellant.
Warren & Hatch, for respondent.

PER CURIAM. The order should be affirmed, with $10 costs and disbursements, upon the opinion of the learned judge below.

---

### LITTLE v. WIRTH.

(Superior Court of New York City, General Term. December 29, 1893.)

LANDLORD AND TENANT—LIABILITY OF LANDLORD FOR ICY SIDEWALK.
    The owner of a tenement house owes no duty to a tenant to remove ice and snow from the sidewalk in front of the premises.

Appeal from special term.
    Action by Hannah Little against Rosa Wirth, sued as Rosa Wuth, to recover damages for injuries caused by falling on the sidewalk in front of a tenement house owned by defendant, and of which plaintiff was a tenant. A demurrer to the complaint was sustained, and plaintiff appeals. Affirmed.
    The opinion of McADAM, J., on sustaining the demurrer, is as follows:

Applying the maxim, "causa proxima non remota spectatur," the plaintiff is without a cause of action against the defendant, unless the latter, as owner of a tenement, is liable to the plaintiff, as her tenant, because she slipped upon the ice on the walk or stoop of her house; and there is no such liability. The authorities are uniform that there is no duty on the part of an owner to a tenant or the public to remove from the steps or walk the ice and snow which naturally accumulates thereon. Woods v. Cotton Co., 134 Mass. 357; Watkins v. Goodall, 138 Mass. 533; Purcell v. English, 86 Ind. 34; Shindelbeck v. Moon, 32 Ohio St. 264. And in our own state, see Fuchs v. Schmidt, 8 Daly, 317; Moore v. Gadsden, 93 N. Y. 12, 87 N. Y. 84; Wenzlick v. McCotter, Id. 122; City of Rochester v. Campbell, 123 N. Y. 405, 25 N. E. 937. If the plaintiff has any remedy, she must seek it from the municipality for neglect. The demurrer must therefore be sustained, and judgment directed in favor of the defendant, with costs.