## The Savings Bank of Danbury *vs.* J. Willis Downs.

Third Judicial District, New Haven, June Term, 1901.
Andrews, C. J., Torrance, Baldwin, Hamersley and Hall, Js.

Writs of *scire facias* against garnishees are creations of statute, and can be entertained only as and where the statute directs.

General Statutes, § 1253, provides that such a writ may be issued by the clerk of the court "where the judgment was rendered," requiring the garnishee "to appear before such court." *Held :—*

1. That a writ which was signed by the clerk of a court other than that which rendered the primary judgment, was irregular, but that such irregularity was waived by the garnishee by entering a general appearance and filing an answer.

2. That the Superior Court for one county had no jurisdiction of an action of *scire facias* to satisfy a judgment rendered by the Superior Court for another county, and could not acquire jurisdiction by the mere consent of the parties.

Such an action stands upon somewhat the same ground as an execution. Each is a step in the enforcement of the judgment, and the whole history of any cause, from the outset to the close, ought to be found in the files and records of the court to which it was brought or into which it may have been legally removed.

An answer in an action of *scire facias* brought to the wrong court cannot be regarded as equivalent to a written stipulation of the parties that the cause may be transferred to the proper court in another county.

Argued June 6th—decided July 23d, 1901.

ACTION of *scire facias* brought to the Superior Court in New Haven County where the defendant filed a motion to dismiss the case for want of jurisdiction, which was granted by the court, *Roraback, J.*, and the plaintiff appealed for alleged error of the court in so doing. *No error.*

The writ and complaint followed, in general, *Form* 268 in the Practice Book, except as to the authority signing the process. The defendant filed, in 1899, an answer to the merits, and in 1901, a motion to erase, because (1) the writ was taken out from and signed by the assistant clerk of the Superior Court for New Haven county, and (2) required the defendant to appear before said court for New Haven county, and not the Superior Court for Fairfield county.

*John K. Beach* and *J. Moss Ives*, for the appellant (plaintiff).

*Charles F. Bollman*, for the appellee (defendant).

BALDWIN, J.   Under our practice until 1875, all writs of *scire facias* against garnishees were of the form known as judicial. *Jarvis* v. *Rathburn*, Kirby, 220; 1 Sw. Dig. 583; 2 id. 586; Rev. of 1866, p. 2, § 4, p. 68, § 293.   They might direct an attachment of the defendant's property, but this was only by force of a statute. *Ensworth* v. *Davenport*, 9 Conn. 390.   In the Revision of 1875, p. 396, § 1, it was provided that "mesne process in civil actions shall be, in actions at law including writs of *scire facias*, a writ of summons or attachment."   This made it a civil action at law, if it were not such before.   *White* v. *Washington School District*, 45

Conn. 59. Certain judicial writs were excepted from the operation of portions of the Practice Act, in 1879, but proceedings of *scire facias* were not so mentioned, and the forms prepared for use under it describe them as to be commenced by an ordinary writ accompanied by a complaint. Practice Book, p. 9, § 32, p. 154, *Form* 268.

Inasmuch, however, as the object of a *scire facias* founded on a judgment upon a foreign attachment is to enforce the judgment against the garnishee, our statutes have always required that it be made returnable before the court in which that judgment was rendered. *Smyth* v. *Ripley*, 32 Conn. 156; Rev. of 1875, p. 462, § 39; Rev. of 1888, p. 292, § 1253. It stands in this respect upon somewhat the same ground as an execution, and for similar reasons. Each is a step in the enforcement of the judgment, and the whole history of any cause from the outset to the close ought to be found in the files and records of the court to which it was brought or into which it may have been legally removed. *Smith* v. *Hall*, 71 Conn. 427, 432.

The irregularity in the signature of the writ was waived by a general appearance and making answer. *Woodruff* v. *Bacon*, 34 Conn. 181, 182.

But the summons to the wrong court could not be the subject of waiver. Jurisdiction cannot be conferred upon courts by the mere consent of parties. For the Superior Court for one county to hold a garnishee by a writ of *scire facias* to the payment of a judgment rendered in the Superior Court for another county, is as impossible as it would be for it to issue an execution on that judgment against the judgment debtor. In one sense there is but one Superior Court. In another there are many. Each county has its own, with a separate organization, possessing a distinct set of records, kept by a different clerk. Writs of *scire facias* against garnishees are creations of statute, and can be entertained only as and where the statute provides. The general words of General Statutes, § 964, permitting actions generally to be brought in the county wherein the defendant dwells, cannot be taken to modify the explicit requirement of § 1253 as to the mode

of bringing writs of *scire facias*. If that requirement were merely for the benefit of the garnishee, he might be able to waive it. *St. Louis, etc., Ry. Co.* v. *McBride*, 141 U. S. 127, 131. But it rests, as has been seen, on deeper foundations. The public have an interest in keeping the records of every suit together, in the keeping of the same custodian, and under the control of the same authority.

The defect of jurisdiction is not aided by the statute as to the transfer of causes, or of issues in a cause, in the Superior Court from one county to another. General Statutes, § 793. If it can be assumed that the present proceeding falls within its terms, they apply only where a written stipulation by both parties for a transfer has been filed; and, for that, filing an answer cannot be regarded as an equivalent.

There is no error.

In this opinion the other judges concurred.