HILL et al. v. EAGLE GLASS & MFG. CO.

(Circuit Court of Appeals, Fourth Circuit. January 13, 1915.)

No. 1289.

1. APPEARANCE ⬤➡28—STRIKING OUT—INADVERTENT APPEARANCE.

Where the attorney for a defendant as to whom the bill was dismissed for lack of diverse citizenship made an uncontroverted showing to the court that he had no authority to represent other defendants, and that his appearance generally was by inadvertence, the court properly ordered his appearance as to such defendants struck out.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. § 164; Dec. Dig. ⬤➡28.]

2. TRADE UNIONS ⬤➡8—LIABILITIES OF MEMBERS AS TO THIRD PERSONS.

The members of a labor union, a voluntary association, were not responsible for a tort of other members, unless they authorized it, or participated in or aided it in some way after knowledge of the illegal purpose, or of facts from which such knowledge might be inferred.

[Ed. Note.—For other cases, see Trade Unions, Cent. Dig. § 6; Dec. Dig. ⬤➡8.]

3. COURTS ⬤➡343 — PROCEDURE — PARTIES — SUING ON BEHALF OF PARTIES SIMILARLY SITUATED.

When the allegation of a general or common interest to many persons within equity rule 28 (198 Fed. xxix, 115 C. C. A. xxix), providing that, when a question is one of common or general interest to many persons constituting a class so numerous as to make it impracticable to bring them all before the court, one or more may sue or defend for the whole, is denied, the court must determine whether the common or general interest exists before decreeing against those claimed to be in court by representation.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 915, 916, 919, 920; Dec. Dig. ⬤➡343.]

4. INJUNCTION ⬤➡114—SUING ON BEHALF OF PARTIES SIMILARLY SITUATED.

Where, in a suit to enjoin the officers and members of a labor union from doing anything in furtherance of an alleged illegal scheme to unionize plaintiff's plant, it appeared that the members served with process did not authorize or participate in such scheme, there was no such common or general interest as authorized a temporary injunction against them, or as brought the defendants not served before the court by representation.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 202–220; Dec. Dig. ⬤➡114.]

Appeal from the District Court of the United States for the Northern District of West Virginia, at Philippi; Alston G. Dayton, Judge.

Suit by the Eagle Glass & Manufacturing Company against William J. Hill and others. From an order granting a temporary injunction, defendants appeal. Reversed.

John A. Howard, of Wheeling, W. Va., for appellants.

John C. Palmer, Jr., and Geo. R. E. Gilchrist, both of Wheeling, W. Va., for appellee.

Before KNAPP and WOODS, Circuit Judges, and WADDILL, District Judge.

WOODS, Circuit Judge. [1] In this suit for injunction by the Eagle Glass & Manufacturing Company against Thomas B. Rowe,

---

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

individually and as president, and a number of other officers of the American Flint Glass Workers' Union, individually and in their official capacity, all alleged to be residents of the state of Ohio, none of the defendants were served except Joseph Gillooly, a member of the executive board and one of the organizers of the union, who was found in the state of West Virginia. A temporary order was granted restraining the defendants from doing certain alleged illegal acts in furtherance of their alleged illegal scheme to unionize the plaintiff's plant. The fact that Gillooly was not a resident of the state of Ohio, but of the state of West Virginia, having been made to appear through his counsel, Mr. John A. Howard, the court dismissed the bill as to him and retained it as to the other defendants, on the ground that Mr. Howard had formally appeared for all the defendants. Mr. Howard having made a perfectly clear, uncontroverted showing to the court that he had no authority to represent the other defendants, and that he had appeared generally by inadvertence, when he intended to appear for Gillooly alone, the court upon the most obvious principles of right and common sense ordered the appearance as to the defendants other than Gillooly struck out.

In the meantime, however, on November 27, 1913, an order was made allowing the plaintiffs to amend the bill by making Peter J. Glasstetter and others, members at Steubenville, Ohio, of the American Flint Glass Workers' Union, defendants. The amended bill alleged that these members of the union were assisting the officers of the union named in the original bill "in the efforts to unionize plaintiff's employés and to force plaintiff to recognize said American Flint Glass Workers' Union." The new parties defendant submitted affidavits that they were only members, not officers, of a local union, that Rowe and others, who were the general officers of the union, were not authorized to represent them in their alleged illegal acts, and that they knew nothing of their efforts to unionize plaintiff's factory. There was no showing whatever to the contrary. Under these conditions the court issued a temporary injunction against all of the defendants named in the bill and the amended bill, except Gillooly, as to whom the bill had been dismissed.

[2-4] We think this was error. Rowe and others, general officers of the union, were not served, and therefore no relief could be given against them, unless it could be said they were brought before the court by representation when Glasstetter and others, mere members of the local union, were ordered to be made parties and appeared. This effect is asserted under equity rule 38 (198 Fed. xxix, 115 C. C. A. xxix):

"When the question is one of common or general interest to many persons, constituting a class so numerous as to make it impracticable to bring them all before the court, one or more may sue or defend for the whole."

The union is a voluntary association, and its members are not responsible for a tort of other members, unless they have authorized or participated in it, or have aided in some way in its perpetration after knowledge of the illegal purpose, or facts from which such knowledge

may be inferred. Pettibone v. U. S., 148 U. S. 197, 13 Sup. Ct. 542, 37 L. Ed. 419; Lawlor v. Loewe, 209 Fed. 721, 126 C. C. A. 445.

When the allegation of a general or common interest to many persons is denied, the duty devolves on the court to determine whether the common or general interest exists before decreeing against those who are alleged to be in court by representation. The plaintiff had no pretense of a case against Glasstetter and the other defendants, brought in by amendment for participating or aiding the defendants not served, in the alleged torts committed by them, and therefore there was no such common or general interest as authorized the court's decree against the defendants served, by virtue of the service and appearance of the defendants brought in by amendment.

All the questions involved in the merits of the appeal were decided adversely to the appellee by this court in Mitchell v. Hitchman Coal & Coke Co., 214 Fed. 685, 131 C. C. A. 425.

Reversed.