## Frank Amato *v.* Stephen Campano et al.

Inglis, C. J., Baldwin, O'Sullivan, Wynne and Daly, Js.

Argued March 2—decided May 5, 1954

*Nelson Harris*, for the plaintiff in error.

No appearance for the defendants in error.

Wynne, J. This is a writ of error brought to this court from the City Court of New Haven. The defendants in error, hereinafter referred to as the

landlords, are brothers and sisters, five in number. They own, by virtue of a certificate of distribution, the real estate known as 256-258 Wallace Street in New Haven. The premises consist of a store on the first floor and two apartments on the second floor. One of these apartments has been occupied for many years by the plaintiff in error, hereinafter referred to as the tenant, on a month-to-month tenancy that started before the landlords became the owners. The established rent for the apartment is $22.50 a month. A summary process action was started against the tenant by writ and complaint dated March 17, 1953, and made returnable to the City Court of New Haven on the 14th day of April, 1953. The process was signed by John M. Chapnick. It was not signed in terms by him as a commissioner of the Superior Court but as the attorney for the plaintiffs. The landlords had applied to the office of rent stabilization in New Haven for a certificate relating to eviction on the ground that one of them, Stephen Campano, sought to occupy the premises himself. The certificate was duly issued, a notice to quit was served, and the summary process action was brought. The City Court of New Haven, after a trial, found the issues for the landlords and entered judgment that they recover immediate possession of the premises. The tenant filed a bill of exceptions, incorporating therein his claims of law.

This writ is brought under § 8015 of the General Statutes. We are concerned only with errors in matters of law. The bill of exceptions, which was allowed, serves the function of a finding on appeal. *Kovner* v. *Dubin*, 104 Conn. 112, 117, 132 A. 473. The questions which are raised by the tenant are: (1) Was the purported notice to quit which was served on him a duplicate of the one produced

in court? (2) When it appeared that there were five owners of the property, was a notice that was subscribed in the name of one owner only, followed by the words "and others," a compliance with the statute relating to summary process? (3) Was it error for the City Court not to dismiss the action of summary process when it was called to the court's attention that the writ did not show on its face that the person signing it was a commissioner of the Superior Court?

The trial court's conclusions as to the notice to quit is that it complied with the statute. General Statutes § 8274. There was a slight discrepancy between the notice produced in court and the duplicate. The one served on the tenant lacked the words "His Attorney" after the signature "John M. Chapnick." It also lacked further information as to Chapnick's identity and office address which appeared on the notice produced in court. Otherwise the notices are identical. The words appearing on the notice produced in court and not on the one served on the tenant are at most mere surplusage, and the circumstantial discrepancy cannot be held to violate the statute, which requires that the notice served should be a duplicate copy. *Webb* v. *Ambler,* 125 Conn. 543, 552, 7 A.2d 228. In substance and tenor it was. Nor can we hold that the fact that the notice was not signed by all the owners has any significance. It was signed by Chapnick as attorney and indicated that he signed for all. It was sufficient under the statute. The case of *Lorch* v. *Page,* 97 Conn. 66, 115 A. 681, is distinguishable. There the notice purported to be a true and attested copy, presumably made by an officer or indifferent person. It was pointed out that this was not a compliance with the statute, which required a duplicate copy. In the case at bar, the notice

served on the tenant was, in its essentials, a duplicate, properly signed and served, of the notice produced in court. See *Molzon* v. *Carroll*, 91 Conn. 642, 645, 100 A. 1057.

As to the final claim that the court erred in failing to dismiss the action because the writ did not appear to be signed by Mr. Chapnick in the capacity of commissioner of the Superior Court, we consider that the question is before us because it was made a part of the bill of exceptions. While it is true that a summary process writ has to be signed by a commissioner of the Superior Court, it was in fact so signed in this case. All attorneys are commissioners. The appended description of his capacity as attorney did not divest Chapnick of his authority. Had there been a technical deviation from the mandate of the statute, the proper remedy would have been a plea in abatement. The judgment of the lower court was predicated upon the submission of the cause to the jurisdiction of the court. When the defendant (plaintiff in error) appeared generally, he waived whatever defect there had been in the issuance of the writ.

There is no error.

In this opinion the other judges concurred.