CAROL C. JOHNSON *v.* ZONING BOARD OF APPEALS OF THE TOWN OF BRANFORD ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued November 8, 1973—decision released March 5, 1974

*Carol C. Johnson,* of the New York bar, pro se, the appellant (plaintiff).

*Frank J. Dumark,* for the appellee (named defendant).

*John W. Colleran,* for the appellee (defendant Walter Kreske).

SHAPIRO, J. This case arises from a decision of the zoning board of appeals of the town of Branford, hereinafter referred to as the zoning board of appeals, granting a variance to the individual defendant Walter Kreske to allow the construction on his property of a two-car carport and additions to his house consisting of a two-story addition and a second-story addition.

Carol C. Johnson, the plaintiff pro se, is a half-yearly seasonal resident of and taxpayer in the town of Branford who owns and resides on real estate immediately abutting, contiguous and adjacent to the property in question belonging to the defendant Kreske.

By citation,[1] summons and complaint dated November 23, 1968, the plaintiff appealed from the decision of the zoning board of appeals to the Court of Common Pleas in New Haven County, pursuant to § 8-8 of the General Statutes.[2]

The complaint and citation to the sheriff commanding him to summon the zoning board of appeals and Walter Kreske, the defendants herein, to

[1] The term "writ" is incorrectly used throughout the appeal by the plaintiff. In appeals from administrative agencies, the writ is properly designated as a citation though it serves the same function.

[2] "[General Statutes] Sec. 8-8. APPEALS FROM BOARD TO COURT. REVIEW BY SUPREME COURT. Any person or persons severally or jointly aggrieved by any decision of said board, or any person owning land which abuts the land involved in any decision of said board, or any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board, may, within fifteen days from the date when notice of such decision was published in a newspaper pursuant to the provisions of section 8-3 or 8-7, as the case may be, take an appeal to the court of common pleas of the county in which such municipality is located, which appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court. Notice of such appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of said board. The appeal shall state the reasons upon which it has been predicated and shall not stay proceedings upon the decision appealed from, but the court to which such appeal is returnable may, on application, on notice to the board and on cause shown, grant a restraining order. The authority issuing a citation in such appeal shall take from the appellant, unless such appellant is an official of the municipality, a bond or recognizance to said board, with surety, to prosecute such appeal to effect and comply with the orders and decrees of the court. . . ."

appear before the Court of Common Pleas in New Haven County were signed, "The Plaintiff, Carol C. Johnson Pro Se." The citation was made returnable the first Tuesday of January, 1969. No bond or recognizance with surety was given before the issuance of mesne process.

On December 13, 1968, counsel for the defendant zoning board of appeals filed a general appearance. Counsel for the defendant Kreske filed a special appearance and a plea in abatement on January 7, 1969. The plea alleged that the court was without jurisdiction of this matter since the citation was not issued by a competent authority as required by § 52-89[3] of the General Statutes and because the plaintiff failed to comply with § 8-8 of the General Statutes which requires that "[t]he authority issuing a citation in such appeal shall take from the appellant . . . a bond or recognizance to said board, with surety, to prosecute such appeal to effect and comply with the orders and decrees of the court."

Also, on January 7, 1969, counsel for the zoning board of appeals filed a motion for permission to withdraw his general appearance on behalf of his client for the purpose of filing a special appearance and joining the codefendant Kreske in a "plea in abatement and to the jurisdiction." On January 13, 1969, the plaintiff filed a document entitled "Opposition to Plea in Abatement," which the court (*Mignone, J.*) characterized as a motion to dismiss. On

---

[3] "[General Statutes] Sec. 52-89. MESNE PROCESS; CONTENTS AND SIGNATURE. Mesne process in civil actions shall be a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance and shall be accompanied by the plaintiff's complaint. Any such writ may run into any county and shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable."

January 31, 1969, the court (*Mignone, J.*) heard the motion to dismiss, denied it and in open court ordered the plaintiff to join issue on the plea in abatement in ten days. The plaintiff filed an answer on February 13, 1969.

On February 25, 1969, the court filed its order allowing counsel for the zoning board of appeals to withdraw his general appearance in behalf of his client on condition that he file a special appearance "for the sole purpose of joining the co-defendant in a plea in abatement and to the jurisdiction." Pursuant thereto, a plea in abatement was filed by the zoning board of appeals on March 3, 1969, and on March 4, 1969, the plaintiff moved to reargue the motion to withdraw and for an extension of time to appeal from the order of the court granting the motion. Both motions were denied on March 17, 1969, and on April 7, 1969, the plaintiff appealed to this court from the order granting the attorney for the defendant zoning board of appeals permission to withdraw his general appearance on behalf of the zoning board of appeals and from the denial of a motion for reargument. The defendant zoning board of appeals filed a motion to dismiss the appeal on May 14, 1969, for the reason that it was not an appeal from a final judgment. The motion to dismiss was granted on June 3, 1969. *Johnson* v. *Zoning Board of Appeals,* 158 Conn. 640, 253 A.2d 495.

On October 19, 1970, the Court of Common Pleas (*Williams, J.*) sustained the plea in abatement of the codefendants for the reason that the citation accompanying the appeal was not signed by a commissioner of the Superior Court as required by General Statutes §§ 8-8 and 52-89 and there was a failure to comply with § 8-8, requiring the taking

of a bond or recognizance with surety to prosecute the appeal. The plaintiff has appealed to this court from the sustaining of that plea.

In his appeal the plaintiff claims (1) that the court (*Williams, J.*) erred in rendering judgment on the plea in abatement in favor of the zoning board of appeals since that board had earlier put in a general appearance which waived the alleged defects set up in the plea in abatement; and (2) that the court (*Mignone, J.*) erred in allowing the zoning board of appeals to withdraw its general appearance. Because we agree with these contentions we need not consider the other assignments of error.

In order to contest jurisdiction of the person of the defendant by a plea in abatement, the defendant must enter a special appearance to contest the jurisdiction. *Foley* v. *George A. Douglas & Bro., Inc.*, 121 Conn. 377, 380, 185 A. 70. If, inadvertently or otherwise, the defendant enters a general appearance, he will be deemed to have waived any defect of jurisdiction. *Amato* v. *Campano*, 141 Conn. 247, 250, 105 A.2d 185; *Fine* v. *Wencke*, 117 Conn. 683, 684, 169 A. 58.

A general appearance is a consent to the jurisdiction of the court and a waiver of all jurisdictional defects; *Beardsley* v. *Beardsley*, 144 Conn. 725, 729, 137 A.2d 752; except the competency of the court. *Savings Bank of Danbury* v. *Downs*, 74 Conn. 87, 89, 49 A. 913.

In its memorandum on the motion for permission to withdraw a general appearance and to file a special appearance, the court (*Mignone, J.*) correctly cites 5 Am. Jur. 2d 510, Appearance, § 37, which states: "It is generally recognized that a court, in

the exercise of a sound discretion and on a showing of good cause, may permit the defendant to withdraw a general appearance, for the purpose of enabling him to interpose an objection on jurisdiction grounds." The latter part of that same paragraph, not cited by the court, however, qualifies the general rule even further by adding: "On the other hand, leave to withdraw has been denied as not warranted by the showing in support of the application, or on the ground that it would be unjustly prejudicial to the plaintiff. And there are statements to the effect that leave to withdraw an appearance will not be granted merely to enable the defendant to interpose objection to the service of process."

We must thus inquire whether it was an abuse of discretion for the court (*Mignone, J.*) to grant the motion to withdraw under the circumstances of the present case. No finding was made by the court, but further reference to the memorandum of decision on the motion to withdraw reveals that the ground upon which the court granted the motion was a representation by the attorney that "he had by inadvertence filed a general appearance and desired permission to withdraw this appearance solely for the purpose of filing a special appearance . . . in order to join the co-defendant in a plea in abatement and to the jurisdiction." A lack of jurisdiction over a person may be waived and is waived by a general appearance in the action and "[b]y his general appearance the defendant submitted himself to the jurisdiction of the court." *Fine* v. *Wencke,* supra; see *Foley* v. *George A. Douglas & Bro., Inc.,* supra; see also *Denslow* v. *Gunn,* 67 Conn. 361, 366, 35 A. 264; *Morse* v. *Rankin,* 51 Conn. 326, 327.

While some courts have granted leave to withdraw an appearance for a party to an action on the ground that it was made or induced by mistake or inadvertence, no case similar to the present one has been found where an order granting permission to withdraw was upheld on review. In *Hill* v. *Eagle Glass & Mfg. Co.,* 219 F. 719 (4th Cir.), reversed in part on other grounds, 245 U.S. 275, 38 S. Ct. 80, 62 L. Ed. 286, in which it appeared that an attorney who had been employed to represent only one of the several defendants had, by inadvertence, entered a general appearance for all of them, and that the trial court, upon a showing of the fact, had ordered the appearance as to all of the defendants not represented by the attorney stricken out, it was declared (p. 720) that such action of the trial court was in accordance with "the most obvious principles of right and common sense." In *Tilden* v. *Johnson,* 60 Mass. (6 Cush.) 354, in which it appeared that an attorney directed the clerk to enter his appearance for one of the three defendants but the clerk, by mistake, entered the attorney's appearance for all three, it was held that the trial court properly permitted the correction of such entry after the rendition of a judgment by default against the two defendants not represented by the attorney. In *Dillingham* v. *Barron,* 6 Misc. 600, 26 N.Y.S. 1109, it appeared that an attorney had been authorized and instructed to enter a special appearance on behalf of a nonresident defendant, but, due to a misapprehension as to the scope of his authority and being under the mistaken impression that the defendant had been personally served with process, he entered his general appearance in the action. It was held that the trial court properly permitted a withdrawal of such general appearance.

It can be readily seen that the circumstances of the above cited cases differ substantially from those of the present case. The claim of inadvertence is at least insufficient, if not wholly inapplicable to the present situation. In the case under consideration there is nothing in the proceedings before the court to indicate that the defendant did not intend to submit to the jurisdiction of the court. Had counsel for this defendant examined the citation carefully before entering a general appearance, the formal defects should have been obvious. The entry of a special appearance would have been appropriate at that time. *Foley* v. *George A. Douglas & Bro., Inc.,* supra, 380. Instead, counsel entered a general appearance for the defendant zoning board of appeals.

We are of the opinion that the court should not have permitted the defendant to withdraw its general appearance, enter a special appearance and, by pleading in abatement, attack the jurisdiction of the court to which it had voluntarily submitted. It would be a gross injustice to allow the defendant to enter a general appearance after the expiration of the fifteen-day appeal period permitted the plaintiff by § 8-8 and utilized by him in his appeal to the Court of Common Pleas and then allow the withdrawal of that appearance where, as in this case, it would have the effect of divesting the court of jurisdiction obtained by a general appearance and of barring the plaintiff's remedy without affording him a trial on the merits.

As we view the matter, this plaintiff, appearing pro se, was negligent in failing to take note of the statutory requirements as to mesne process and recognizance. But the negligence of the plaintiff

seems no greater than the failure of the defendant's counsel to take note of the same provisions before entering a general appearance for the zoning board of appeals and thereby submitting it to the jurisdiction of the court. Accordingly, we reason, as did another court in *Chesapeake & O. Ry. Co.* v. *Coffey,* 37 F.2d 320 (4th Cir.), that there is no logic "in punishing the negligence of . . . [the plaintiff] so severely as to bar the plaintiff's remedy, while wholly excusing the same kind and as I believe the same degree of negligence on the part of the defendant's attorney."

Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure. *Greco* v. *Keenan,* 115 Conn. 704, 705, 161 A. 100. Accordingly, this plaintiff is entitled to his day in court. Under the circumstances, it was an abuse of discretion for the court (*Mignone, J.*) to permit the withdrawal of the general appearance of the defendant zoning board of appeals. The claim that a general appearance for the zoning board of appeals was filed by "inadvertence" does not constitute a showing of good cause here, since withdrawal would have the effect of divesting the court of jurisdiction obtained by a general appearance and barring the plaintiff's remedy without hope of a trial on the merits.

There is error, the judgment is set aside and the case is remanded with direction to overrule the plea in abatement and then to proceed according to law.

In this opinion the other judges concurred.