[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION OF DEFENDANT'S MOTION TO DISMISS
The plaintiffs appeal from the action of the board of tax review of the Town of West Hartford, claiming an excessive valuation of their property. The appeal is brought pursuant to Conn. Gen. Stats. 12-118. The defendant town moves to dismiss on the basis (1) that the plaintiffs utilized an improper form of citation and (2) that the plaintiffs failed to provide a CT Page 3462 recognizance with surety.
The defendant's argument with respect to the form of citation is based on the plaintiff's use of the summons form customarily used to commence a civil action (Form 103.1, JD-CV-1) instead of the form required by Conn. Prac. Book 49 and Form 204.4. That flaw is not fatal, however. In Chestnut Realty, Inc. v. CHRO, 201 Conn. 350, 356-357 (1986); the court held that the use of an improper form is not a jurisdictional defect so long as the form that was used "clearly apprises all concerned that a lawsuit is being instituted, and contains notice of the return date, and the requirement for filing an appearance, and also directs a competent authority to summon the defendant." The form that was used in this case clearly contains the requisite information. The town's argument in that regard is without merit.
The town also contends that a surety was required for the recognizance. Section 12-118 of the statutes provides in pertinent part as follows:
 The authority issuing the citation shall take from the applicant a bond or recognizance to such town or city, with surety, to prosecute the application to effect and to comply with and conform to the orders and decrees of the court in the premises. (Emphasis added).
The practice book form for this purpose (Form 204.4) prescribes the following provision:
 (Name and residence) as principal and (name and residence) as surety are hereby recognized as jointly and severally bound unto said town of ______________ in the sum of $ __________ conditioned that the applicant shall prosecute his application to effect and comply with and conform to the orders and decrees of the court in the premises.
The statute and practice book form clearly require both a principal and a surety as guarantors of the costs of the appeal. In the instant case, the applicant has indicated a single individual as "recognized to prosecute in the amount of $250." That person is the principal guarantor; what is required is an additional person as surety.
The town argues that the omission of a surety is a fundamental defect which deprives the court of jurisdiction, citing Conn. Bank and Trust Co. v. CHRO, 202 Conn. 150 (1987), CT Page 3463 and cases which hold that appeals from administrative agencies must comply strictly with pertinent statutes. In Sheehan v. Zoning Commission of Old Saybrook, 173 Conn. 408 (1977); however, the court held that "(t)he plaintiffs' failure to provide a proper bond or recognizance was a serious irregularity, but it did not destroy the jurisdiction of the court over the subject matter of the action." Id., p. 411. That court went on to hold that although an administrative appeal is not a "civil action," the initiation of judicial review of the agency's decision is "in the nature of civil process." Therefore, the court held, statutes and practice book rules concerning civil process may be applicable to administrative appeals. Id., p. 411-412.
In the Sheehan case, supra, as in the present case, the plaintiffs had neglected to provide a surety for the principal recognizant. In Sheehan, the court permitted the plaintiff to amend the appeal within the first thirty days pursuant to Conn. Gen. Stats. 52-128 and Practice Book 175 (then 131) even though those provisions are applicable to civil actions rather than administrative appeals. Section 52-128 of the statutes and sections 51-53 of the Practice Book also establish a procedure for amending after thirty days to provide additional surety for a recognizance. In essence, those sections provide that the plaintiff may amend in the discretion of the court, which may include an order for payment of the defendant's costs. The plaintiff in the present case refers to those sections and requests the court to issue an appropriate order. Finally, the court takes into account the general rule set forth in Johnson v. Zoning Board of Appeals 166 Conn. 102,111 (1974); cited in Sheehan v. Zoning Commission, supra; that "(o)ur practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure."
In accordance with the statutes, rules of practice and decisions set forth above, the court enters the following orders. The motion to dismiss is granted unless the plaintiff amends his appeal within two weeks from the date of this order to furnish a bond or recognizance with surety in the form required by Conn. Gen. Stats. 12-118 and Practice Book Form 204.4. The plaintiff is ordered to pay the defendant town's costs upon submission by the town of an affidavit of costs and upon approval thereof by the court.
MALONEY, J.