[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs instituted the present action with a return day of November 19, 1991 and the writ was returned to court on November 15, 1991. The defendants have moved to dismiss the action on the grounds that the plaintiffs failed to comply with the provisions of General Statutes Section 52-46a which requires the process in civil actions returnable to the Superior Court shall be returned to the clerk: "at least six days before the return date."
The provisions of General Statutes Section 52-46a are mandatory and the failure to comply with the requirements of the statute renders the proceeding voidable. Rogozinski et al v. CT Page 156 American Food Service Equipment Corp., et al, 211 Conn. 431 (1989).
The plaintiffs claim that the defendants have waived the provisions of the above quoted statute by filing of a general appearance and by participating in the conduct of the law suit by filing notices of deposition and a discovery request.
Under our prior practice, the filing of a general appearance could be deemed consent to the jurisdiction of the court and a waiver of all jurisdictional defect. See Johnson v. Zoning Board of Appeals, 166 Conn. 102, 107 (1974); Practice Book (1963) Form 527. However, the present Practice Book specifically provides that: "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within 30 days of the filing of an appearance." Accordingly, the filing of a general appearance by the defendants does not consent to the jurisdiction of the court and does not constitute a waiver of any jurisdictional defects.
In the present action the defendants have filed a timely motion to dismiss the complaint, and have not filed any other pleading which would constitute a waiver under the provisions of Practice Book Section 112 and Section 113. The filing of notices and depositions and/or discovery requests do not constitute a waiver, under the Practice Book, of the defendant's right to contest the jurisdiction of the court. The defendants have fully complied with the procedural requirements necessary to raise the jurisdictional issues and have not waived that right by filing notices of deposition and discovery requests.
Accordingly, the motion to dismiss is hereby granted.
RUSH, J.