[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DEFENDANT SALLER'S MOTION TO REOPEN DEFAULT
A Motion for Default against defendant Jennifer F. Saller (only) for her failure to file a pleading in response to the plaintiff's July 21, 1999 Request to Revise was granted on October 19, 1999 (Item 121).
On December 22, 1999 plaintiff filed a Certificate of Closed Pleadings as to one defendant, requesting a "Hearing in Damages to the Court Against Jennifer E. Saller Only." (Item 123). Each defense attorney served at proper addresses were noted.
The Hearing in Damages Calendar assigned this matter for 9:30 A.M. January 19, 2000. Plaintiff's attorney and defendant Saller's attorney were present and participated. An attorney from Day, Berry Howard was present for defendant Lenscrafters, Inc. but did not participate.
On January 20, 2000, defendant Saller filed her Revised Answer to Plaintiff's Complaint and Three Special Defenses. (Item 124).
On January 28, 2000, "Defendant Saller's Brief on Hearing In Damages" was filed.
On February 14, 2000, "Plaintiff's Brief Following Hearing in Damages" was filed. This brief brings to issue Counts One, Three and Four against both defendants. Count Two was/is not at issue since it is against only CT Page 6971 Lenscrafters, Inc. Plaintiff sues Saller "in her individual and official capacities" as well as Lenscrafters, Inc., the employer.
On February 15, 2000 "Defendant Saller's Motion to Reopen Default" was filed (125) raising complications re service and issues of joint and several liability and damages claiming good cause and valid defenses (125).
On February 25, 2000, "Plaintiff's Memorandum In Opposition to Defendant's Motion to Reopen" was filed and dated that date.
On April 11, 2000, a "Certificate of Closed Pleadings for a Hearing In Damages to the Court" was filed. Each defense attorney was served at proper address.
On April 12, 2000, plaintiff filed the "Motion For Order of Compliance" against defendant, Jennifer E. Saller for her willful failure to respond to the plaintiff's discovery request in a reasonably timely manner or suffer a default." (Item 124).
The Hearing in Damages heard on January 19, 2000 pursuant to the plaintiff's "Certificate of Closed Pleadings" requested a Hearing in Damages to the Court against Jennifer E. Saller only. (Item 123). Both defense attorney and addresses served are properly noted on (Item 123) as required by the rules. Defense attorney for defendant Lenscrafters, Inc. was present but did not participate as it was claimed against Jennifer E. Saller only.
Plaintiff's Brief following Hearing in Damages claims "Counts One, Three and Four are against both defendants."
Defense attorney for Lenscrafters, Inc. apparently relied on plaintiff's claim seeking damages against "Saller only."
The Court takes judicial notice of this election to proceed against defendant "Saller only." Lenscrafters, Inc. had appeared and filed an answer.
"Defendant Saller's Motion to Reopen Default" filed February 15, 2000 ignores the mandate of P.B. 2000 § 17-43.
The issue is whether the court should open the default pursuant to Practice Book § 17-32 and grant the motion to reopen notwithstanding this pleading does not contain a proper order and obey § 17-43.
Section 17-42 "Opening Defaults Where Judgment Has Not Been Entered" CT Page 6972 provides for setting aside a default and granting "by the judicial authority for good cause shown" said motion.
The determination of whether to set aside a default is within the discretion of the trial court. Higgins v. Karp, 239 Conn. 802, 808
(1997).
Our Rules do no contemplate opening of a default upon demand. There must be some good and sufficient basis for the motion. Here the originalrequest for a hearing in damages was against Saller only. The plaintiff's complaint seeks joint and several liability. The hearing was held on January 19, 2000. The Revised Answer to Plaintiff's Complaint and Three Special Defenses were filed on January 20, 2000.
Plaintiff's claim against both defendants is confusing. On the one hand against "Jennifer E. Saller only" (123). On the other hand on April 11, 2000 a full hearing in damages against Lenscrafters, Inc. et al was filed. This provides good cause for a fair full hearing. In order to grant both sides their day in court and to allow the entire matter to be processed the court will grant the motion to reopen and set aside default, no judgment having been entered.
 "Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." Johnson v. Zoning Board of Appeals, 166 Conn. 102, 107 (1974). Sheehan v. Zoning Commission, 173 Conn. 408, 412
(1977).
The default is set aside and a trial on the merits of the controversy must be claimed.
John N. Reynolds Judge Trial Referee