LINDA STEWART-BROWNSTEIN *v.* CONCETTA
CASEY ET AL.
(AC 18036)

Foti, Landau and Dupont, Js.

Argued January 21—officially released April 27, 1999

*Jeffrey D. Brownstein,* for the appellant (plaintiff).

*Arnold B. Abrams,* for the appellees (named defendant et al.).

*Linda J. Cannata,* for the appellee (defendant Phillips Home Inspection Services).

*Opinion*

FOTI, J. The plaintiff, Linda Stewart-Brownstein, appeals from the judgment of the trial court dismissing her complaint for lack of subject matter jurisdiction. The sole issue before this court is whether the plaintiff's failure to comply with General Statutes (Rev. to 1997) § 52-45a[1] or Practice Book § 8-1[2] deprived the trial court

---

[1] General Statutes (Rev. to 1997) § 52-45a provides in relevant part: "Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance. The writ shall be accompanied by the plaintiff's complaint. The writ may run into any judicial district and shall be signed by a commissioner of the Superior Court or a judge or clerk of the court to which it is returnable."

[2] Practice Book § 8-1 (a) provides: "Mesne process in civil actions shall be a writ of summons or attachment, describing the parties, the court to which it is returnable and the time and place of appearance, and shall be accompanied by the plaintiff's complaint. Such writ may run into any judicial district or geographical area and shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable. Except in those actions and proceedings indicated below, the writ of summons shall be on a form substantially in compliance with the following judicial branch forms prescribed by the chief court administrator: Form JD-FM-3 in family actions, Form JD-HM-32 in summary process actions, and Form JD-CV-1 in other civil actions, as such forms shall from time to time be amended. Any

of subject matter jurisdiction, which may not be waived, or of personal jurisdiction, which may be waived.

The pro se plaintiff, who is not an attorney, filed an action in Superior Court against the defendants, Concetta Casey, Clarence Casey and Phillips Home Inspection Services, seeking damages and equitable relief arising from her purchase of a home in Meriden. The writ of summons accompanying the plaintiff's complaint was not signed by a commissioner of the Superior Court or the clerk of the court.[3] Appearances were then filed on behalf of the Caseys, and a pro se appearance was filed by Curtis J. Phillips on behalf of Phillips Home Inspection Services. Phillips is a sole proprietor doing business as Phillips Home Inspection Services. Thereafter, the plaintiff filed a revised complaint to which the Caseys, through counsel, filed an answer and special defenses. Phillips filed an answer on behalf of Phillips Home Inspection Services.

The plaintiff then filed a reply to the Caseys' special defenses. Thereafter, counsel appeared on behalf of Phillips Home Inspection Services and filed a motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction.[4] The plaintiff filed an opposition to the motion to dismiss, along with a memorandum of law, as well as a motion for permission to file an

person proceeding without the assistance of counsel shall sign the complaint and present the complaint and proposed writ of summons to the clerk; the clerk shall review the proposed writ of summons and, unless it is defective as to form or does not contain a bond for prosecution pursuant to Section 8-3, shall sign it."

[3] The summons was signed, instead, by the plaintiff herself.

[4] The motion to dismiss claimed that the trial court lacked subject matter jurisdiction because (1) the plaintiff's summons was not signed by the proper authority, (2) the plaintiff failed to file a certificate of financial responsibility and (3) the plaintiff failed to name a proper party when the summons listed "Phillips Home Inspection Services." The record is clear, however, that the trial court dismissed the plaintiff's complaint based on its finding that it lacked subject matter jurisdiction because the writ was not properly executed.

amended complaint. On December 1, 1997, the trial court granted the motion to dismiss after granting the Caseys' oral request to join in that motion. The plaintiff did not attend the argument.

The trial court found that the plaintiff's "summons was presented to the clerk of the court. The plaintiff admits that the summons had defects. The clerk of the court did not sign the summons as is the clerk's responsibility pursuant to [General Statutes § 52-45a] because of those defects." "The act of the clerk in signing the writ on behalf of a pro se plaintiff is . . . purely ministerial. The clerk has no discretion whatsoever to refuse to sign the writ of a pro se litigant in a cause of action unless the writ is defective as to form or lacks a bond for prosecution." *Brunswick* v. *Inland Wetlands Commission*, 222 Conn. 541, 554, 610 A.2d 1260 (1992).

The trial court then concluded that "[t]he failure of the plaintiff's summons to be signed by a commissioner of the Superior Court or the clerk of the court deprives the court of subject matter jurisdiction. To rule otherwise would allow anyone to institute a suit without the protections afforded by [§ 52-45a]. This suit was never commenced properly. The other defects may have been correctable but the absence of the plaintiff at argument on the motion to dismiss deprived the court of the opportunity to address curative measures designed to remedy these flaws."

Practice Book § 8-1 (a) provides that "[m]esne process in civil actions shall be a writ of summons . . . describing the parties, the court to which it is returnable and the time and place of appearance, and shall be accompanied by the plaintiff's complaint. Such writ . . . *shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable. . . .*" (Emphasis added.) See also General Statutes § 52-45a. "In ordinary usage of the term, [a

summons is the] original process upon a proper service of which an action is commenced *and the defendant therein named brought within the jurisdiction of the court* . . . . Ballentine's Law Dictionary (3d Ed.)." (Emphasis added; internal quotation marks omitted.) *Hillman* v. *Greenwich*, 217 Conn. 520, 524, 587 A.2d 99 (1991). A "writ of summons is a statutory prerequisite to the commencement of a civil action . . . [and] an essential element to the validity of the jurisdiction of the court." (Citations omitted.) Id., 526.

Generally, "[j]urisdiction over the subject matter is the court's power to hear and decide cases of the general class to which the proceedings at issue belong." *Haigh* v. *Haigh*, 50 Conn. App. 456, 460–61, 717 A.2d 837 (1998). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." (Internal quotation marks omitted.) *Figueroa* v. *C & S Ball Bearing*, 237 Conn. 1, 4, 675 A.2d 845 (1996). "Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged." *Demar* v. *Open Space & Conservation Commission*, 211 Conn. 416, 425, 559 A.2d 1103 (1989).

The Superior Court is a constitutional court of general jurisdiction, and, in the absence of statutory or constitutional provisions, the limits of its jurisdiction are delineated by the common law. *State* v. *Luzietti*, 230 Conn. 427, 431, 646 A.2d 85 (1994). "Although the Superior Court has general subject matter jurisdiction . . . it may exercise jurisdiction over a person *only if that person has been properly served with process*, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction." (Citations omitted; emphasis added.) *Commissioner of Environmental Protection* v. *Connecticut Building Wrecking Co.*, 227 Conn. 175, 195–96, 629 A.2d 1116 (1993).

In *Brunswick* v. *Inland Wetlands Commission*, supra, 222 Conn. 541, our Supreme Court examined a situation in which an attorney had signed and issued a citation in an administrative appeal in which he was a party plaintiff.[5] There, the court held that such an "alleged defect in the citation . . . affected only the court's personal jurisdiction over the defendants." Id., 550. In concluding as it did, our Supreme Court discussed two civil cases, *Parrott* v. *Housatonic R.R. Co.*, 47 Conn. 575, 576 (1880), and *Brown* v. *Allen*, 166 Conn. 174, 175–76, 348 A.2d 666 (1974), and stated that "[b]ecause the writs used to commence civil actions are analogous to the citations used to commence administrative appeals, there is no basis for regarding such a defect in the one as implicating subject matter jurisdiction, while regarding the defect in the other as relating only to personal jurisdiction. Indeed, we have held in *Johnson* v. *Zoning Board of Appeals*, 166 Conn. 102, 107–108, 347 A.2d 53 (1974), that an improperly executed citation *implicates the personal jurisdiction of the court.*

"An improperly executed writ or citation does not, therefore, affect the subject matter jurisdiction of the trial court. As a defect in having the court acquire personal jurisdiction over the defendant, an improperly executed [writ] may be waived by the defendant. . . . A defendant may contest the personal jurisdiction of the court 'even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance.' Practice Book § 142 [now § 10-30]." (Emphasis added.) *Brunswick* v. *Inland Wetlands Commission*, supra, 222 Conn. 550–51.

---

[5] The court explained that "[t]he citation that is used to commence an administrative appeal is analogous to the writ used to commence a civil action." *Brunswick* v. *Inland Wetlands Commission*, supra, 222 Conn. 542 n.1.

We conclude, therefore, that in the present case, the trial court was not deprived of subject matter jurisdiction by the plaintiff's failure to properly execute her writ. Noncompliance with General Statutes § 52-45a and Practice Book § 8-1 merely deprived the trial court of jurisdiction over the persons of the defendants unless the defendants waived the lack of personal jurisdiction.

The trial court improperly granted the defendants' motion to dismiss for lack of subject matter jurisdiction. In so doing, the court neither made findings regarding personal jurisdiction or the defendants' possible waiver of such, nor did it make any findings as to any "other defects."

The judgment of dismissal is reversed and the case is remanded for further proceedings to determine whether the court has personal jurisdiction over the defendants.

In this opinion the other judges concurred.