CITY OF HARTFORD *v.* PAN PACIFIC DEVELOPMENT
(CONNECTICUT), INC., ET AL.
(AC 18687)

Landau, Zarella and Daly, Js.

Argued September 28, 2000—officially released January 30, 2001

David Doyle, with whom, on the brief, was *Mark L. Bergamo*, for the appellant (defendant First Union National Bank).

*Denise E. Aguilera*, assistant corporation counsel, with whom were *Delroy Alexander Shirley*, senior assistant corporation counsel, and, on the brief, *Kevin G. Dubay*, corporation counsel, for the appellee (plaintiff).

*Opinion*

LANDAU, J. The defendant First Union National Bank (First Union)[1] appeals from the judgment of the trial court rendered when it denied First Union's motions to open the judgment of strict foreclosure rendered in favor of the plaintiff city of Hartford on property owned by the named defendant, and denied First Union's motion to reargue.[2] On appeal, First Union claims that the court abused its discretion in denying the motions to open the judgment and the subsequent motion to reargue. We affirm the judgment of the trial court.

This appeal stems from the foreclosure of various municipal tax liens on real property (premises) known as 884-902 Main Street in Hartford. Prior to commencing this foreclosure action, the plaintiff, pursuant to General Statutes § 12-195h[3] and a written agreement,

---

[1] First Union's formal identity is First Union National Bank, formerly known as First Fidelity Bank, N. A., as custodian and collateral agent for GTL Investments Limited Partnership.

[2] The other defendants in this action are Pan Pacific Development (Connecticut), Inc., the Metropolitan District and Pan Pacific (HTC) Associates Limited Partnership, which are not parties to this appeal.

[3] General Statutes § 12-195h provides: "Any municipality, by resolution of its legislative body, as defined in section 1-1, may assign, for consideration, any and all liens filed by the tax collector to secure unpaid taxes on real property as provided under the provisions of this chapter. The consideration

assigned tax liens on the premises and other properties for the years 1991, 1992 and 1993 to GTL Investments Limited Partnership (GTL). First Union is the collateral agent of GTL. In February, 1998, the plaintiff commenced this action to foreclose tax liens on the premises for the years 1994, 1995 and 1996. First Union was named in the complaint as a defendant because of the interest it claimed in the property based on the 1991, 1992 and 1993 assigned tax liens.

According to his return of service, a deputy sheriff, on February 11, 1998, served process on First Union by leaving a verified copy of the writ of summons and the complaint in the hands of the person in charge of First Union's place of business at 30 State Street in Hartford. On March 19, 1998, First Union was defaulted for failure to appear. The court, *Satter, J.*, granted the plaintiff's motion for judgment of strict foreclosure on May 18, 1998. On May 21, 1998, First Union filed the first of two motions to open the judgment of strict foreclosure. First Union's second motion, filed on June 15, 1998, claimed that good cause existed to open the judgment. The court, *Freed, J.*, denied both motions on June 15, 1998. On June 22, 1998, First Union filed a motion to reargue the second motion to open the judgment, claiming that there was good cause to do so. The court, *Freed, J.*, denied the motion to reargue. First Union thereafter appealed to this court.

I

Before we resolve First Union's claims pertaining to the denial of its motions, we must address its challenge

received by the municipality shall be negotiated between the municipality and the assignee. The assignee or assignees of such liens shall have and possess the same powers and rights at law or in equity as such municipality and municipality's tax collector would have had if the lien had not been assigned with regard to the precedence and priority of such lien, the accrual of interest and the fees and expenses of collection. The assignee shall have the same rights to enforce such liens as any private party holding a lien on real property."

to the trial court's subject matter jurisdiction, which is subsumed in its argument concerning the motion to open the judgment. "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Citations omitted; internal quotation marks omitted.) *Castro* v. *Viera*, 207 Conn. 420, 429, 541 A.2d 1216 (1988).

First Union bases its claim that the court lacked subject matter jurisdiction on General Statutes §§ 12-172 and 12-181.[4] First Union argues that because § 12-181[5]

[4] In a tangential argument to bolster its claim, First Union argues that the court did not have personal jurisdiction over it because the plaintiff failed to give notice of the foreclosure action in the manner prescribed in the parties' written agreement. At oral argument before us, First Union acknowledged that it waived its personal jurisdiction claim in the trial court. "It is fundamental that jurisdiction over a person can be obtained by waiver." *Pitchell* v. *Hartford*, 247 Conn. 422, 428, 722 A.2d 797 (1999); see *United States Trust Co.* v. *Bohart*, 197 Conn. 34, 39, 495 A.2d 1034 (1985) ("[u]nlike subject matter jurisdiction . . . personal jurisdiction may be created through consent or waiver"); see also *Stewart-Brownstein* v. *Casey*, 53 Conn. App. 84, 88, 728 A.2d 1130 (1999).

[5] General Statutes § 12-181 provides: "Whenever used in this section, unless the context otherwise requires, 'municipality' has the meaning given thereto in section 12-141. The tax collector of any municipality may bring suit for the foreclosure of tax liens in the name of the municipality by which the tax was laid, and all municipalities having tax liens upon the same piece of real estate may join in one complaint for the foreclosure of the same, in which case the amount of the largest unpaid tax shall determine the jurisdiction of the court. If all municipalities having tax liens upon the same piece of real estate do not join in a foreclosure action, any party to such action may petition the court to cite in any or all of such municipalities as may be omitted, and the court shall order such municipality or municipalities to appear in such action and be joined in one complaint. The court in which action is commenced shall continue to have jurisdiction thereof and may dispose of such action in the same manner as if all the municipalities had commenced action by joining in one complaint. If one or more municipalities having one or more tax liens upon the same piece of property are not joined in one action, each of such municipalities shall have the right to petition the court to be made a party plaintiff to such action and have its claims determined in the same action, in which case the same court shall continue to have jurisdiction of the action and shall have the same rights to dispose

prohibits the extinction of prior municipal tax liens in an action to foreclose other municipal tax liens, the court did not have jurisdiction to render a judgment of strict foreclosure.[6] We disagree.

To resolve First Union's subject matter jurisdictional challenge, we note the difference between a court's jurisdiction and its statutory authority. "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. 1 Restatement (Second), Judgments § 11. A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. *Monroe* v. *Monroe*, 177 Conn. 173, 185, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979). Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. *Craig* v. *Bronson*, 202 Conn. 93, 101, 520 A.2d 155 (1987). It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged. *Connecticut Light & Power Co.* v. *Costle*, 179 Conn. 415, 420–21 n.3, 426 A.2d 1324 (1980).

of such action as if all municipalities had originally joined in the complaint. The court having jurisdiction under the provisions of this section may limit the time for redemption, order the sale of the real estate, determine the relative amount of the undivided interest of each municipality in real estate obtained by absolute foreclosure if two or more municipalities are parties to one foreclosure action or pass such other decree as it judges to be equitable. If one or more municipalities foreclose one or more tax liens on real estate and acquire absolute title thereto and if any other municipality having one or more tax liens upon such real estate at the time such foreclosure title becomes absolute has not, either as plaintiff or defendant, been made a party thereto, the tax liens of each of such other municipalities shall not be thereby invalidated or jeopardized."

[6] In stating the basis of First Union's argument, we do not suggest that we agree or disagree with its construction of the statute.

"Although related, the court's authority to act pursuant to a statute is different from its subject matter jurisdiction. The power of the court to hear and determine, which is implicit in jurisdiction, is not to be confused with the way in which that power may be exercised in order to comply with the terms of the statute. *Bailey* v. *Mars*, 138 Conn. 593, 601, 87 A.2d 388 (1952). . . . *Amodio* v. *Amodio*, 247 Conn. 724, 727–28, 724 A.2d 1084 (1999)." (Internal quotation marks omitted.) *Beizer* v. *Dept. of Labor*, 56 Conn. App. 347, 361–62, 742 A.2d 821, cert. denied, 252 Conn. 937, 747 A.2d 1 (2000).

In Connecticut, the trial court has authority, pursuant to § 12-172, to adjudicate the foreclosure of tax liens according to the laws enacted by our legislature. Section 12-181 provides in relevant part that "[i]f one or more municipalities foreclose one or more tax liens on real estate and acquire absolute title thereto and if any other municipality having one or more tax liens upon such real estate at the time such foreclosure title becomes absolute has not, either as plaintiff or defendant, been made a party thereto, the tax liens of each of such other municipalities shall not be thereby invalidated or jeopardized." Although that statute may preclude the invalidation of First Union's tax liens, it does not deprive the court of subject matter jurisdiction over the cause of action. First Union's challenge to the trial court's subject matter jurisdiction is, therefore, without merit.

## II

We now consider First Union's claim that the court abused its discretion by denying First Union's motions to open the judgment and its motion to reargue the second motion to open the judgment. We review such claims under the abuse of discretion standard.

"A motion to open and vacate a judgment filed during the four months after which judgment was rendered is addressed to the court's discretion, and the action of the trial court will not be disturbed on appeal unless it acted unreasonably and in clear abuse of its discretion." (Internal quotation marks omitted.) *Wilkes* v. *Wilkes*, 55 Conn. App. 313, 325, 738 A.2d 758 (1999). "Our standard of review regarding challenges to a trial court's ruling on a motion for reconsideration is abuse of discretion. See *Biro* v. *Hill*, 231 Conn. 462, 468, 650 A.2d 541 (1994) . . . ." *Federal Deposit Ins. Corp.* v. *Thompson*, 56 Conn. App. 82, 89, 741 A.2d 972 (1999).

"Discretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . It goes without saying that the term abuse of discretion . . . means that the ruling appears to have been made on untenable grounds. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action." (Internal quotation marks omitted.) *Turk* v. *Silberstein*, 48 Conn. App. 223, 225–26, 709 A.2d 578 (1998). "Therefore, the question is not whether any one of us, had we been sitting as the trial judge, would have exercised our discretion differently. Our role as an appellate court is not to substitute our judgment for that of a trial court that has chosen one of many reasonable alternatives." (Internal quotation marks omitted.) *State* v. *Day*, 233 Conn. 813, 842, 661 A.2d 539 (1995).

A

The court rendered judgment in this action on May 18, 1998. First Union subsequently filed two motions to open the judgment. First Union filed its first motion to open on May 21, 1998, to which the plaintiff objected. The first motion to open was to be argued at the short

calendar on June 15, 1998, but at the short calendar, First Union filed an amended motion to open. The plaintiff abandoned the claims raised in the first motion[7] and relied on the good cause argument set forth in its second motion. The second motion to open stated in part: "In support of this motion, [First Union] states that it was not aware of the pendency of this action and did not receive notice of the entry of judgment." The court heard the argument of counsel and representations of fact from counsel on both sides. The court denied the motions to open without setting forth findings of fact, conclusions of law or explaining its decision.

It is the appellant's responsibility to provide an adequate record for review. Practice Book § 61-10. First Union provided this court with a signed copy of the transcript of the short calendar hearing, which does not contain an oral memorandum of decision. See *Auric Answering Service, Inc.* v. *Glenayre Electronics, Inc.*, 54 Conn. App. 86, 88, 733 A.2d 307 (holding that signature of trial court on entire transcript does not satisfy requirements of Practice Book § 64-1), cert. denied, 250 Conn. 926, 738 A.2d 653 (1999). First Union never filed a motion requesting that the trial court articulate the reasons for its decision.[8] Because the court denied the motions to open without a written or oral memorandum of decision and because the plaintiff did not seek an articulation of that decision pursuant to Practice Book § 66-5, we have an inadequate record before us and therefore do not make any further inquiry. See *Bank*

---

[7] First Union raised claims of improper service and lack of personal jurisdiction in its first motion to open. It waived those claims at the short calendar on June 15, 1998.

[8] The transcript in part contains the following colloquy between First Union's counsel and the court:

"The Court: There's not much equity on your side, I should say.

"Counsel: Thank you, Your Honor.

"The Court: I should probably say none. I am going to deny the motion to reopen and vacate the judgment."

*of Boston Connecticut* v. *Schlesinger,* 220 Conn. 152, 154 n.2, 595 A.2d 872 (1991); *Conway* v. *Hartford,* 60 Conn. App. 630, 634–35, 760 A.2d 974 (2000).

## B

Following the court's denial of the motions to open, First Union filed a motion to reargue, claiming that the court had relied on statements made by the plaintiff's counsel, which misrepresented conversations he had with the partner in the law firm representing First Union. In support of the motion to reargue, First Union attached two affidavits, one from a partner and one from an associate in the firm representing First Union. Both affidavits indicate that the affiants knew of the pending action on May 11, 1998,[9] and knew that judgment had been rendered on May 18, 1998. The partner acknowledged that she had a conversation concerning the foreclosure with a member of the plaintiff's corporation counsel's office, but did not indicate the date of the conversation.

The plaintiff objected to the motion to reargue and attached the affidavits from five members of its corporation counsel's office. All of the affidavits indicate that the partner telephoned an assistant corporation counsel and asked that the motion for strict foreclosure be marked off the May 18, 1998 short calendar. The assistant corporation counsel informed the partner that the plaintiff was going forward with its motion. The court denied the motion to reargue. The record does not contain a transcript of the argument before the court, if any was had, and First Union did not ask the court to articulate its reason for denying the motion to reargue.

[9] The associate learned of this action from counsel for the named defendant property owner, Pan Pacific Development (Connecticut), Inc., in the course of litigating a separate action brought by First Union to foreclose its tax liens on the premises.

490

The record, therefore, is inadequate for our review. See Practice Book § 61-10.

The judgment is affirmed and the case is remanded for the purpose of setting new law days.

In this opinion the other judges concurred.