[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MOTION FOR ARTICULATION (#113)
On December 14, 2000, this court denied the defendant, Roger Seguin's,[1] motion to dismiss for lack of subject matter jurisdiction. On January 3, 2001, Seguin petitioned the court for CT Page 5657 an articulation of that decision to preserve the matter for appeal. The court hereby grants Sequin's motion for articulation and articulates the reasons for the earlier decision denying Sequin's motion to dismiss.
 FACTS
On December 23, 1999, the plaintiff, Charles Taylor, filed an action to recover for injuries he suffered, on December 23, 1997, when he fell down steps covered with snow and ice while he was working for the Mashantucket Pequot Indian Tribe (tribe). The staircase was attached to a trailer type facility, used as an office, in a parking lot on the premises of the Foxwood's Resort Casino in Ledyard, Connecticut.
In count one of the complaint, Taylor alleges that the defendant, Williams Scotsman, Inc., (Scotsman) built, designed and controlled the trailer in the parking lot. The plaintiff claims that he was injured because Scotsman negligently constructed and designed the staircase entering the trailer and Scotsman failed to warn Taylor of the defective condition of the staircase. Count two alleges that the defendant, Roger Seguin, is liable to Taylor because he negligently designed and constructed the exterior staircase and failed to warn Taylor of its defective condition. Count three alleges that the defendant, C.R. Klewin, Inc., (Klewin), is liable to Taylor because it negligently designed, maintained, and controlled the premises on which the plaintiff was injured and failed to warn Taylor of the defective condition of the staircase.
On June 6, 2000, the court, Martin, J., granted the Mashantucket Pequot Tribal Nation's petition to intervene as a co-plaintiff. The tribe sought to intervene so that it could recover worker's compensation benefits it paid to Taylor as a result of the injuries he suffered while he was an employee of the tribe. The Mashantucket Pequot Tribal Nation has not raised any issue of tribal immunity.
On February 9, 2000, Seguin filed a motion to dismiss count two of the complaint and a memorandum in support of his motion. On November 30, 2000, Taylor filed a memorandum of law in opposition to Seguin's motion. A hearing was held on Sequin's motion on December 11, 2000.
 DISCUSSION
"A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) Olson v. Accessories Controls CT Page 5658Equipment Corp., 54 Conn. App. 506, 528, 735 A.2d 881, aff'd,254 Conn. 145, 757 A.2d 14 (2000). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . Altfeterv. Naugatuck, 53 Conn. App. 791, 797, 732 A.2d 207 (1999); Practice Book § 10-31(a). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader."Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the Case." City ofHartford v. Pan Pacific Dev., 61 Conn. App. 481, 484, 764 A.2d 1273
(2001).
In Seguin's motion to dismiss he claims that this court lacks subject matter jurisdiction to address Tailor's claim against him on the ground of the tribal sovereign immunity.
Specifically, Seguin argues that the claims Taylor asserts are barred by the tribal sovereign immunity and the proper place to initiate this suit is in the tribal court.[2]
By contrast, Taylor argues that his complaint is based on the defendants' negligent design, manufacture, construction and maintenance of the staircase and the trailer and their failure to warn him of the defect. Taylor argues that the defendants are independent entities functioning in the State of Connecticut and, therefore, do not have standing to challenge the jurisdiction of the court based on the sovereign immunity afforded to the tribe. The court agrees with Taylor that the tribe's sovereign immunity does not apply here for two reasons.
First, the complaint does not arise from the tribe's possession and control of the property. Instead, the complaint asserts claims which allege the defendants' negligence. There is no allegation of negligence as to the tribe, and indeed the tribe is not a defendant to this action. That the tribe is a party at all is merely coincidental in this case, and that coincidence affords no basis for the defendant Seguin to raise the issue of sovereign immunity.
Second, Seguin does not have standing to assert the tribal sovereign immunity because it "must be asserted by the tribe itself." State v.Sebastian, 243 Conn. 115, 161, 701 A.2d 13, cert. denied, 522 U.S. 1077,118 S.Ct. 856, 139 L.Ed.2d 756 (1997); see Puyallup Tribe, Inc. v. Dept.of Game, 433 U.S. 165, 173, 97 S.Ct. 2616, 53 L.Ed.2d 667 (1977). "A mere relationship with an Indian tribe does not necessarily grant a party the right to assert sovereign immunity." Skowronski v. Branco, Superior Court, judicial district of Hartford, Docket No. 572512 (February 1, CT Page 5659 1999, Stengel, J.); see also Cuprak v. Sun International Hotels, Ltd.,
Superior Court, judicial district of New London at Norwich, Docket No. 112045 (October 9, 1997, Handy, J.) (company operating a casino on tribal premises does not have sovereign immunity).
For the above reasons, the court denies Seguin's motion to dismiss.
Robaina, J.