[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (#102)
Before the court is the defendant's motion to dismiss. For the following reasons, the court grants the defendant's motion. CT Page 16744
 I. BACKGROUND
The present action is an appeal of the decision by the town of Clinton's planning and zoning commission, to deny the plaintiff, Dave Mellone d/b/a Shoreline Tattoo, a change of use from a retail use to use as a tattoo parlor. The plaintiff filed his appeal on May 29, 2001.
Acting pro se, the plaintiff issued a citation naming Clinton's zoning board of appeals and the town clerk of Clinton as defendants. The citation was signed by the plaintiff, pro se.
On July 18, 2001, the defendant, the zoning board of appeals, filed a motion to dismiss. The defendant contends that the citation contains defects which affect this court's subject matter jurisdiction.
 II. STANDARD OF REVIEW
"A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that: should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Adolphson v.Weinstein, 66 Conn. App. 591, 594, ___ A.2d ___ (2001); see also Practice Book § 10-30. "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person. . . ." Practice Book § 10-31. "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings n question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . ." (Internal quotation marks omitted.) Salmon v. Department of Public Health Addiction Services, 58 Conn. App. 642, 648, 754 A.2d 828, cert. granted,254 Conn. 926, 761 A.2d 754 (2000). "[T]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction. . . . Because a lack of personal jurisdiction may be waived by the defendant, the rules of practice require the defendant to challenge that jurisdiction by a motion to dismiss." (Citations omitted; internal quotation marks omitted.) Kim v. Magnotta, 249 Conn. 94,101-02, 733 A.2d 809 (1999).
 III. DISCUSSION
The defendant points to two defects which it claims affects this court's jurisdiction over the subject matter. First, the defendant argues CT Page 16745 that even though the chairperson of the planning and zoning commission was served, she was named as the chairperson of the zoning board of appeals and that this error deprives the court of subject matter jurisdiction. Second, it asserts that because the plaintiff is not a competent authority to sign a citation, the citation is defective and, thus, deprives the court of subject matter jurisdiction. The court finds neither argument persuasive, but must dismiss the action for lack of personal jurisdiction.
 A
When he intended to serve the Clinton planning and zoning commission, the plaintiff instead named the Clinton zoning board of appeals. He did, however, serve the correct person, Nancy Fischbach, the chairperson of the Clinton planning and zoning commission. The defendant contends that this defect deprives the court of subject matter jurisdiction.
The plaintiff does not contest that the citation mistakenly referred to the "zoning board of appeals." The plaintiff contends, however, that General Statutes § 52-123 saves his cause of action and would allow him to amend his citation. Section 52-123 provides that "[n]o writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." This provision applies to administrative appeals and, because it is a remedial statute, must be liberally construed. Andover Limited Partnership I v. Board ofTax Review, 232 Conn. 392, 396, 655 A.2d 759 (1995).
The defendant argues that the zoning board of appeals and the planning and zoning commission are separate entities and, therefore, to allow amendment of the citation would be to cite in a new party. "[T]he effect given to such a misdescription usually depends upon the question whether it is interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution or entire change of party. . . ."Dyck O'Neal, Inc. v. Wynne, 56 Conn. App. 161, 165, 742 A.2d 393 (1999).
To determine whether an error is merely circumstantial or would substitute a new party, a court must consider "three factors . . . (1) whether the proper defendant had actual notice of the institution of the action; (2) whether the proper defendant knew or should have known that it was the intended defendant in the action; and (3) whether the proper defendant was in any way misled to its prejudice." Andover LimitedPartnership I v. Board of Tax Review, supra, 232 Conn. 397. In AndoverLimited Partnership, the plaintiff had named the board of tax review as the defendant instead of naming the town of West Hartford. The Supreme CT Page 16746 Court found, applying the § 52-123 test, that the defect was circumstantial even though the plaintiff had named the wrong party. Id., 401.
This court similarly finds that the defect in the plaintiff's citation was a circumstantial error. Though the texts of the citation and of the appeal address the zoning board of appeals, the caption of each refers to the planning and zoning commission. Moreover, the plaintiff properly served the chairperson of the planning and zoning commission. Section52-123 "is used to provide relief from defects in the text of the writ itself but is not available to cure irregularities in the service or return of process." (Internal quotation marks omitted.) Pack v. Burns,212 Conn. 381, 386, 562 A.2d 24 (1989). In the present case, the defendant is only attacking an error in the text of the citation, not in the method of service.
As the facts demonstrate, the defect is a misdescription or misnomer and not a substitution of a party. Because the plaintiff properly served the chairperson of the planning and Zoning commission and named the commission in the caption of his citation and in the caption of us appeal, this court finds that the planning and zoning commission had actual notice of the appeal and knew or should have known that it was the proper party. As for whether the planning and zoning commission has been misled to its prejudice, the defendant has not made any argument regarding this issue. Accordingly, because the citation merely contains a circumstantial error, the court has jurisdiction over the subject matter.
 B
The defendant has claimed a second defect in the service of process. In the present case, the plaintiff signed the citation himself. This improper signing, the defendant argues, defeats the court's subject matter jurisdiction.
In support of its argument, the defendant has pointed out that "[i]t is well established that within the context of administrative appeals, defects in service of process deny the court subject matter jurisdiction over the appeal. A citation is a writ issued out of a Court of competent jurisdiction commanding a person therein named to appear on a day named to do something therein mentioned. . . . The citation, signed by competent authority, is the warrant which bestows upon the officer to whom it is given for service the power and authority to execute its command. . . . Without it, the officer would be little more than a delivery man. . . . [Additionally, the] citation is a matter separate and distinct from the sheriffs return and is the important legal fact upon CT Page 16747 which the judgment rests. . . . [Thus, a] proper citation is essential to the validity of the appeal and the jurisdiction of the court." (Internal quotation marks omitted.) Gadbois v. Planning Commission of the Town ofEast Lyme, 257 Conn. 604, 607, 778 A.2d 896 2001). The defendant has also cited Chestnut Realty, Inc. v. CHRO, 201 Conn. 350, 514 A.2d 749 (1986) and Village Creek Homeowners Assn. v. Public Utilities Commission,148 Conn. 336, 170 A.2d 732 (1961) in support of its motion.
Despite the clear language in Gadbois, a citation not signed by a competent authority does not affect subject matter jurisdiction. "Because the writs used to commence civil actions are analogous to the citations used to commence administrative appeals, there is no basis for regarding such a defect in the one as implicating subject matter jurisdiction, while regarding the defect in the other as relating only to personal jurisdiction. Indeed, we have held in Johnson v. Zoning Board ofAppeals, 166 Conn. 102, 107-108, 347 A.2d 53 (1974), that an improperly executed citation implicates the personal jurisdiction of the court."Brunswick v. Inland Wetlands Commission, 222 Conn. 541, 550-51,610 A.2d 1260 (1992).[1] In Stewart-Brownstein v. Casey,53 Conn. App. 84, 89, 728 A.2d 1130 (1999), the plaintiff, like the plaintiff in the present case, did not obtain the signature of a commissioner or clerk of the superior court. Quoting Brunswick, the court determined that the defect implicated personal jurisdiction and not subject matter jurisdiction. Id., 90.
Moreover, the cases cited in support of the defendant's motion, though still good law, are unavailing. In Gadbois, the fatal defect was the failure to serve the town clerk. Gadbois v. Planning Commission of theTown of East Lyme, supra, 257 Conn. 607-08. In Chestnut Realty, the Supreme Court found that the Superior Court had jurisdiction over the appeal, even though the complainant had used the wrong form in instituting the appeal. Chestnut Realty, Inc. v. CHRO, supra, 201 Conn. 356-57. Finally, Village Creek Homeowners concerned the lack of serving a citation whatsoever. Village Creek Homeowners Assn. v. Public UtilitiesCommission, supra, 148 Conn. 338. As noted, these situations are not before the court.
"Although the Superior Court has general subject matter jurisdiction . . . it may exercise jurisdiction over a person only if that person hasbeen properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction." (Emphasis in original; internal quotation marks omitted.)Stewart-Brownstein v. Casey, supra, 53 Conn. App. 88. Accordingly, this court must determine whether the defendant has waived any objection to the court's exercise of personal jurisdiction. CT Page 16748
"A defendant may contest the personal jurisdiction of the court even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." (Internal quotation marks omitted.) Id., 89. The defendant filed its appearance on June 26, 2001. It subsequently filed the present motion to dismiss twenty-two days later on July 18, 2001. Accordingly, the defendant has not waived the matter because it has timely filed its motion to dismiss.
The court notes that the defendant has not specifically raised the issue of personal jurisdiction. It has, however, raised the defect which implicates personal jurisdiction. Moreover, the plaintiff did argue that the defect does not affect subject matter jurisdiction. "[W]hen the absence of jurisdiction is brought to the attention of the court, cognizance of that fact must be taken and the matter determined before it can proceed further in the case." Pinder v. Pinder, 42 Conn. App. 254,258, 679 A.2d 973 (1996). Accordingly, even though the defendant has argued that the court lacks subject matter jurisdiction, the actual defect was timely raised in a motion to dismiss and this court shall consider whether it has personal jurisdiction over the defendant.
The plaintiff does not contest that the citation was not properly signed. Instead, he argues that General Statutes § 52-72[2] would allow him to amend his citation, and therefore, the motion to dismiss should not be granted. This court does not need, however, to determine whether § 52-72 would defeat a motion to dismiss or otherwise allow amendment of the plaintiff's citation because § 8-8 contains a procedure for curing the defect.[3]
General Statutes § 8-8 (p) provides in relevant part that "[i]f any appeal has failed to be heard on its merits because of insufficient service or return of the legal process due to unavoidable accident or the default or neglect of the officer to whom it was committed, or the appealhas been otherwise avoided for any matter of form, the appellant shall be allowed an additional fifteen days from determination of that defect to properly take the appeal;" (Emphasis added.) The court finds that it is deprived of personal jurisdiction because of a defect that amounts to a matter of form. Accordingly, this court shall dismiss the appeal. The plaintiff may, however, take his appeal fifteen days from the date of issuance of this memorandum of decision.
 IV. CONCLUSION
For the reasons herein stated, the court dismisses the appeal for lack of personal jurisdiction. Pursuant to § 8-8 (p), the plaintiff may take his appeal within fifteen days of the date of the issuance of this CT Page 16749 decision. It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT