RITA A. WALLACE *v.* HECTOR L. HADDOCK ET AL.
(AC 23310)

Lavery, C. J., and Foti and Mihalakos, Js.

Argued May 12—officially released July 1, 2003

*Danielle DiBerardini-Albrecht*, for the appellants (defendants).

*Robert H. Keyes*, for the appellee (plaintiff).

*Opinion*

FOTI, J. In this action arising out of a motor vehicle accident, the defendants, Hector L. Haddock and Subaru Leasing Corporation,[1] appeal from the trial court's judgment rendered following a jury verdict in favor of the plaintiff, Rita A. Wallace, in which the court ordered an additur of $15,000. The defendants claim that the court (1) abused its discretion by concluding that the jury's award of $1715 in noneconomic damages was insufficient as a matter of law and (2) improperly failed to offer the parties the alternative of a new trial if the additur was not accepted, in contravention of General Statutes §§ 52-216a and 52-228b. Because we conclude that the court should not have rendered judgment without giving the parties an opportunity to reject the additur, we reverse the judgment of the trial court.

The following facts and procedural history are relevant to our discussion of the claims. On April 19, 1999, the vehicle driven by Haddock struck the vehicle operated by the plaintiff from behind while it was at a stop sign at a busy Bridgeport intersection. The plaintiff filed a complaint against the defendants on October 19, 2000, claiming that because of the motor vehicle accident, she suffered from headaches, and sustained injuries to her cervical spine, hip, knee and shoulder.

The parties tried the case to a jury on January 3 and 4, 2002. On January 7, 2002, the jury returned a verdict

---

[1] Haddock leased his vehicle from Subaru Leasing Corporation, whose liability in this action is based on General Statutes § 14-154a, which provides: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."

in favor of the plaintiff. It awarded $3285 in economic damages and $1715 in noneconomic damages for a total damages award of $5000. On January 17, 2002, the plaintiff filed a motion for an additur or, in the alternative, a motion for a new trial on the issue of damages. The defendants objected. The court heard argument on March 11, 2002, and, by memorandum of decision filed July 12, 2002, granted the motion for an additur. The court ordered an additur of $15,000. The court then immediately rendered judgment for the plaintiff, including the additur. This appeal followed.

## I

We first consider the defendants' claim that the court abused its discretion in awarding an additur. Specifically, the defendants argue that the court improperly concluded that under the circumstances of the present case, "an award of $1715 [for noneconomic damages] for a thirty-three year old woman with a 35 percent disability does shock the conscience."

Generally, we will not disturb a court's decision to set aside a jury verdict and to order an additur unless we conclude that the court has abused its discretion. *Childs* v. *Bainer*, 235 Conn. 107, 113, 663 A.2d 398 (1995). In making such a determination, we are mindful of the great deference that a court should accord to a jury's award of damages. Id., 112.

"Litigants have a constitutional right to have factual issues determined by the jury. This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded. . . . This right is one obviously immovable limitation on the legal discretion of the court to set aside a verdict, since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded

men passed upon by the jury and not by the court. . . . The amount of a damage award is a matter peculiarly within the province of the trier of fact, in this case, the jury. . . . Similarly, [t]he credibility of witnesses and the weight to be accorded to their testimony lie within the province of the jury. . . . In considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict." (Citations omitted; internal quotation marks omitted.) Id., 112–13.

Although the court's legal discretion to set aside a verdict and to order an additur is broad, "it is not without its limits." *Wichers* v. *Hatch*, 252 Conn. 174, 189, 745 A.2d 789 (2000). In *Wichers*, the Supreme Court reiterated the test that a court must apply in exercising its discretion in such cases. "A mere doubt of the adequacy of the verdict is an insufficient basis for such action. . . . A conclusion that the jury exercised merely poor judgment is likewise insufficient. . . . The ultimate test which must be applied to the verdict by the trial court is whether the jury's award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." (Internal quotation marks omitted.) Id., 187.

Nevertheless, a court's decision to set aside a verdict and to order an additur also is "entitled to great weight and every reasonable presumption should be given in favor of its correctness." (Internal quotation marks omitted.) *Mansfield* v. *New Haven*, 174 Conn. 373, 375, 387 A.2d 699 (1978). "[T]he trial judge has had the same opportunity as the jury to view the witnesses, to assess their credibility and to determine the weight that should be given to their evidence. Moreover, the trial judge can gauge the tenor of the trial, as we, on the written

record, cannot, and can detect those factors, if any, that could improperly have influenced the jury." (Internal quotation marks omitted.) *Childs* v. *Bainer*, supra, 235 Conn. 113. In determining whether the court abused its discretion, therefore, we decide only whether, on the evidence presented, the court reasonably could have decided that the jury did not fairly reach the verdict it did. To do so, we must "examine the evidential basis of the verdict itself . . . ." *Wichers* v. *Hatch*, supra, 252 Conn. 188. "[T]he court's action cannot be reviewed in a vacuum. The evidential underpinnings of the verdict itself must be examined." (Internal quotation marks omitted.) Id., 189.

Having determined that to review whether a court properly exercised its discretion in granting a motion for an additur, we must review the evidence presented to the jury, we conclude that the record presented in the present case is inadequate for us to review the defendants' claim properly. As the appellants, the defendants are responsible for providing us with an adequate record on appeal. Practice Book § 61-10; *Amba Realty Corp.* v. *Kochiss*, 67 Conn. App. 149, 153, 786 A.2d 1137 (2001), cert. denied, 259 Conn. 912, 789 A.2d 993 (2002).

In its memorandum of decision, the court provides little rationale for its decision to grant the plaintiff's motion for additur. It states that "it was apparent in this case that the jury's award of noneconomic damages was inconsistent with its finding for the plaintiff on the issue of liability and its award of economic damages. Under the circumstances, the award of $1715 for a thirty-three year old woman with a 35 percent disability does shock the conscience." The court also stated that "it appears that the jury misunderstood the court's instructions or that the award was the product of partiality, prejudice, mistake or corruption." In support of that conclusion, the court noted that the jury's $1715 noneconomic damages award brought the total award

to an even $5000. The defendant failed to seek any further articulation of the court's reasoning for granting the motion for an additur. See Practice Book § 66-5.

The defendants also have failed to provide us with any transcripts of the proceedings from which to review the evidentiary basis of the jury's verdict. Because the court, in ordering the additur, was concerned with the jury's noneconomic damages award, we find it necessary to review the testimony of the plaintiff and her physicians, not simply the documentary evidence presented. Without transcripts, the record before us is inadequate.

Because the trial judge had the opportunity to observe the witnesses along with the jury, and to assess their testimony and credibility as well as to detect any factors that may have influenced the jury improperly; see *Childs* v. *Bainer*, supra, 235 Conn. 113; without a transcript of the testimony presented and the court's instruction to the jury on the law, we cannot review whether the court's decision in this particular case amounted to an abuse of discretion. To do so would amount to pure speculation on the part of this court.

## II

The defendants next claim that after granting the plaintiff's motion for an additur, the court improperly rendered judgment without offering the parties the alternative of accepting the additur or receiving a new trial, in contravention of §§ 52-216a and 52-228b. We agree.

Section 52-216a provides in relevant part: "If the court concludes that the verdict is inadequate as a matter of law, it shall order an additur, and upon failure of the party so ordered to add the amount ordered by the court, it shall set aside the verdict and order a new trial. . . ." Section 52-228b provides in relevant part

that "[n]o verdict in any civil action involving a claim for money damages . . . may be set aside solely on the ground that the damages are inadequate until the parties have first been given an opportunity to accept an addition to the verdict of such amount as the court deems reasonable."

In *Stern* v. *Allied Van Lines, Inc.*, 246 Conn. 170, 717 A.2d 195 (1998), our Supreme Court interpreted the interaction between those two statutes. It stated: "[Sections 52-216a and 52-228b] complement each other and perform different functions in the overall statutory scheme concerning the resolution of inadequate verdicts through an order of additur." Id., 183. It held that § 52-228b describes what a court must do *before* it may consider setting aside the verdict; specifically, the statute requires that the court offer the parties an additur. Id., 182. "This offer provides the opportunity to remedy the inadequate verdict in a way that is acceptable to both parties, without the expense of another trial." Id., 183. Section 52-216a requires the court to order a new trial if either party rejects the additur "because the initial verdict was necessarily inadequate as a matter of law." Id., 181.

In the present case, the court granted the plaintiff's motion for an additur and set aside the jury's verdict as to damages. It then rendered judgment for the plaintiff, including the $15,000 additur, without giving the parties an opportunity to accept the additur or to receive a new trial as to damages. Because the court found that the jury's verdict was inadequate as a matter of law, the parties are entitled to a new trial on damages unless they agree to accept the court's additur. The procedure followed by the court did not properly comply with the statutory scheme as previously discussed.

The judgment is reversed only as to the order of additur and the case is remanded with direction to

provide the parties a reasonable opportunity to accept the additur or to receive a new trial on the issue of damages before rendering judgment.

In this opinion the other judges concurred.